TERRITORY OF MONTANA, APPELLANT, *v.* J. D. JINKS, RESPONDENT. TERRITORY OF MONTANA, APPELLANT, *v.* BERNHEIM, RESPONDENT.

CRIMINAL LAW — *Offering game for sale* — *Appeal from Justice to District Court* — *Exceptions before justice in criminal suit* — *Jurisdiction.* — The defendant was tried before a magistrate, upon an agreed statement of facts, on a charge of unlawfully offering game for sale. Said statement was as follows: The accused offered prairie chickens for sale in the Territory of Montana, which had been killed and bought by him in the State of Kansas. The prosecution was under section 1147, division 5, Compiled Statutes. The magistrate discharged the defendant, stating in the judgment that he was guilty of no offense. No bill of exceptions was taken to the ruling of the magistrate. The county attorney appealed the case to the District Court, where it was tried without a jury, upon the same statement of facts. A judgment rendered on the merits acquitted the defendant. The county attorney after the decision of the District Court prepared and filed a bill of exceptions to the same, for the reason that "the public offense as charged in the complaint is fully supported by the facts appearing in the statement." *Held,* that under sections 526 and 527, division 3, Compiled Statutes, unless a bill of exceptions has been taken to some ruling of a magistrate on a question of law, as prescribed by section 340, division 3, Compiled Statutes, the Territory has no right to appeal a case to the District Court; and that no bill of exceptions having been taken in this case upon the trial before the justice, the District Court had no jurisdiction to hear the appeal. *Held, also,* that the record in this case shows that both the judgment of the justice of the peace and that of the District Court were upon the merits.

*Appeal from the Second Judicial District, Silver Bow County.*

Two appeals of the Territory from judgments of the District Court affirming judgments of a justice of the peace, discharging defendants. The defendant Jinks had been arrested and tried for offering for sale, and selling within the Territory, prairie chickens, which had been killed outside of the Territory; and the defendant Bernheim was tried at the same time for a similar alleged offense.

The prosecutions were instituted under section 1147, division 5, Compiled Statutes, which is as follows: "That any person or persons who shall wilfully shoot or kill, or cause to be killed, any grouse, prairie chicken, pheasant, fool hen, sage hen, partridge, or quail, between the fifteenth day of November and the fifteenth day of August of the next ensuing year, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not less than twenty-five dollars, nor more than fifty dollars; and all persons are hereby prohibited at all times from killing any of the birds in this section for speculative purposes, or for market, or for sale, and any person or persons who shall hereafter kill for speculative purposes, or offer for sale, any of the kinds named in this section, shall be guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than twenty-five dollars, nor more than fifty dollars, for each offense committed.

*W. E. Cullen,* Attorney-General, for Appellant.

These two cases may be considered together. Do the facts bring the defendants within the provisions of section 1147 of the fifth division of the Compiled Statutes? There can be no question that it would be entirely competent for the legislature to forbid the sale of these birds in the Territory, and by the unambiguous language of the section cited, it seems to have done so. Giving the language employed in the section its full scope and meaning, it cannot be limited in its application to birds of the kind named, killed within the Territory. The object of the legislation is doubtless the protection of game birds, fish, and fur-bearing animals within the Territory; and this may be in part accomplished by forbidding the sale, in the Territory of Montana, of game birds wherever killed.

*J. J. McHatton*, for Respondents.

The purpose of the law, as expressed by the title, and the law itself, is to protect the game of the Territory; and it does not appear by the language of the statute that the sale of game brought from outside of the Territory is prohibited; and taking into consideration the fact that the legislature could not pass a law which would have any effect beyond the territorial limits, it must be concluded that the sale of game which is prohibited by the law is game of the Territory. To hold that the sale by a person of game within the Territory was sufficient to convict him of a violation of the game law, would be to change the rules of practice and evidence, and compel him to show his innocence by proof that the birds were killed outside of the Territory. The Territory must prove that they were birds of this Territory, and killed within the same, as well as offered for sale herein. The law under which these respondents were charged cannot, as applied to cases like these, be held valid as a police regulation; for such extend only to sanitary laws for the protection of life, liberty, health, or property, and reasonable quarantine and inspection laws, which do not interfere with inter-state commerce. (See *Salzenstein* v. *Marvis*, 91 Ill. 391.) Finally, we submit that the law can have no application to the facts of these cases, and if it was the intent of the legislature to apply it to cases of this character, that in so far as such cases are concerned it is clearly unconstitutional, being in conflict with that portion of the eighth section, first article of the Constitution of the United States, which provides that Congress shall have power to "regulate commerce with foreign nations and among the several States, and with the Indian tribes," which confers exclusive power upon Congress. A consideration of the authorities cited below will, we think, show that these cases are brought by their facts clearly within said provision; and therefore the Territory cannot legislate to affect them. (See *Railroad Company* v. *Husen*, 95 U. S. 465; *Robins* v. *Shelby County Taxing District*, 120 U. S. 489, and authorities cited.)

*W. E. Cullen*, Attorney-General, in reply to Respondents' brief.

While it is true that the transportation of the bodies of game

birds may not be prohibited by the legislature of a State for the reason that such transportation is a matter of inter-state commerce, which Congress alone may regulate (as decided in *Railroad* v. *Husen,* 95 U. S. 465), it seems well settled on principle and authority, that when they have once been brought into the Territory from another State or country, their sale may as properly be prohibited as if they were killed within the Territory. (*Magner* v. *People,* 97 Ill. 320; *Phelps* v. *Racey,* 60 N. Y. 10; 19 Am. Rep. 140; *State* v. *Randolph,* 1 Mo. App. 15; *State* v. *Judy,* 7 Mo. App. 524.) There is no question in these cases save and except, is the exposure for sale of the bodies of these game birds within the statute? The language of the statute is explicit; it is a rightful subject of legislation, and if the court shall be of opinion that it was the intention to include imported birds in its prohibition, then the case falls clearly within the rule established in *Phelps* v. *Racey, supra.*

LIDDELL, J. — The defendant was arrested and tried before a magistrate upon an affidavit charging him with unlawfully offering grouse for sale in the city of Butte and county aforesaid. The prosecution and defense agreed that the accused offered prairie chickens for sale, but that they were killed in the State of Kansas, where they were bought by the defendant. Upon this agreed statement of the material facts, the case was tried, and the magistrate incontinently discharged the accused, because, as stated in his judgment, the defendant was not guilty of the offense charged, or of any other; whereupon the county attorney, without even having reserved any bill of exceptions to a ruling of the magistrate, in accordance with the requirements of section 527 of the Criminal Practice Act, appealed the case to the District Court, where it was again tried, without a jury, upon the same agreed statement of facts, and a judgment rendered on the merits discharging the defendant. After the acquittal of the accused, the county attorney prepared and filed a bill of exceptions to the judgment of the District Court, for the reason that "the public offense, as charged in the complaint, is fully supported by the facts appearing in the statement." We have carefully examined the judgments of both the magistrate and District Court, and conclude that they are both judgments upon

the merits, and in which no question of law, pure and simple, was presented for their consideration. Unless a bill of exceptions had been taken to some ruling of the magistrate on a question of law, the Territory had no right to appeal the case to the District Court. Section 527 of the Criminal Practice Act in terms says: "When the district attorney, or any attorney acting as prosecutor, has taken exceptions to the ruling of the court on any question of law, the Territory may appeal the same to the District Court." And in section 526 we find the manner of taking such exceptions to be the same as in trials in the District Court. Manifestly these sections limit the right of appeal on the part of the Territory to questions of law reserved by bill of exceptions to rulings of the court, as in the practice in the District Court. Section 340 of the Criminal Practice Act points out the manner of excepting, and the character of the ruling or decision of the court which may be excepted to and appealed from. . It particularly says that the prosecution "may except to any decision of the court upon a question of law, in admitting or rejecting witnesses, or testimony, or in deciding any question of law not a matter of discretion, or in giving or refusing any instructions to the jury when the case is finally submitted to them." We know of no law which gives the Territory the right to appeal a case from the magistrate's to the District Court, unless a question of law has been reserved by bill of exceptions in the manner prescribed by law. Nor have we been referred to any authority whatever which allows the Territory to take a bill of exceptions to the judgment of the District Court on the merits in favor of the defendant. No bill of exceptions having been taken by the Territory to any decision or ruling of the magistrate on a question of law, as prescribed by section 340 of the Criminal Practice Act, no right of appeal existed in favor of the Territory, and the District Court was without any jurisdiction to review the judgment of the magistrate's court. Inasmuch as the District Court is without jurisdiction, we are without authority to entertain the appeal, which is hereby dismissed, at cost of appellant. This decision disposes of the case of *Territory* v. *Bernheim*, on appeal from Silver Bow County, now pending in this court.

*Judgment affirmed.*

McCONNELL, C. J., and BACH, J., concur.